DLD-035                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3574
_____

IN RE:  YAKOV G. DRABOVSKIY,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:14-cv-00485)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 14, 2014
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed November 19, 2014)
_____

OPINION*
_____

PER CURIAM

        Yakov G. Drabovskiy was convicted, after a jury trial, of twenty counts of

violating 8 U.S.C. § 1253(a)(1)(B) for failing to depart the United States after having

been ordered removed.  United States v. Drabovskiy, W.D. La. Crim. No. 2:09-cr-00146.

In March 2014, Drabovskiy, who is currently serving his sentence at FCI – Allenwood,

filed an action in the United States District Court for the Middle District of Pennsylvania

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

entitled "Constitutional Claim to Declare the Immigration Law Unconstitutional in Reference to Lawful Immigrants and Permanent Residents."

The District Court dismissed the filing, but ordered Drabovskiy's claims regarding the constitutionality of the statute of conviction, 8 U.S.C. § 1253, transferred to the United States District Court for the Western District of Louisiana and Drabovskiy's claims regarding the constitutionality of statutes related to his order of removal transferred to the United States Court of Appeals for the Fifth Circuit. The relevant District Court dockets reflect that the challenge to 8 U.S.C. § 1253 was transferred shortly thereafter and that a new matter was opened in the United States District Court for the Western District of Louisiana.

No transferred case was initially opened in the Fifth Circuit Court of Appeals, however. Consequently, Drabovskiy filed a motion to request that the District Court transfer the case to the Fifth Circuit in compliance with its earlier order. The District Court denied the request as moot insofar "as the Court has sent a hard-copy of the March 31, 2014, Memorandum (Doc. 5) and Order (Doc. 6) to the United States Court of Appeals for the Fifth Circuit." Order of July 2, 2014.

Drabovskiy then filed the instant petition for a writ of mandamus to order the District Court to fulfill its own order and to send another copy of documents which issue a writ of mandamus and to take notice of correspondence with the Fifth Circuit.[1]

_____

[1] He included a letter he sent to the Clerk of Court for the Fifth Circuit Court of Appeals asking for the status of his transferred case. The Clerk responded by notifying him that

After Drabovskiy filed his mandamus petition, the District Court e-mailed a copy of its memorandum and order to the case administration manager for the Fifth Circuit Court of Appeals.  Subsequently, on October 31, 2014, the Fifth Circuit opened the transferred case (C.A. No. 14-60781).  Accordingly, because Drabovskiy has now received the relief he requested, we will deny his mandamus petition as moot.  See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).  The motion Drabovskiy filed is denied to the extent that he requested that we issue a writ of mandamus and granted to the extent that he requested that we take notice of his correspondence with the Fifth Circuit Court of Appeals.

---

his transferred case was in the Louisiana District Court and telling him to contact that court (the Clerk also discussed a separate unrelated appeal).